# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| JUNARO VELEZ CRUZ,<br>      Plaintiff,<br><br>      v.<br><br>CAPTAIN SAILIUS, LIEUTENANT PRIOR, CORRECTIONAL OFFICER MONTINEZ,<br>      Defendants. | No. 3:17-cv-1403 (SRU) |

## INITIAL REVIEW ORDER

Junaro Velez Cruz ("Cruz"), currently confined at MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed this complaint *pro se* under 42 U.S.C. § 1983 asserting violation of his Eighth Amendment right to be free from use of excessive force. The named defendants are Captain Sailius ("Sailius"), Lieutenant Prior ("Prior"), and Correctional Officer Montinez.[1] Cruz's complaint was received on August 17, 2017, and his motion to proceed *in forma pauperis* was granted on September 7, 2017.

Pursuant to 28 U.S.C. § 1915A, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based, and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The

---

[1] In the body of the complaint, Cruz lists the defendants as Captain Sailius, Lieutenant Prior, and Correctional Officer Melandez.

plaintiff must plead "enough facts to state a claim to relief that is plausible on its face". *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

**I.     Allegations**

Cruz suffers from hemophilia.[2] On July 19, 2017, he was put in handcuffs behind his back and shackled. Correctional staff then kicked and punched Cruz in his face and head, and Lieutenant Prior sprayed him with mace. Medical reports at Walker Correctional Institution will document minor bruising as a result of the incident.

To cover up the assault, Sailius issued Cruz a false disciplinary report for attempted assault. Correctional Officer Melandez/Montinez was the disciplinary investigator. In retaliation for his complaints about the use of excessive force, defendant Sailius had Cruz "cronic disciplined".

The only relief requested by Cruz in the complaint is immunity "from being arrested for any crime in the State of Connecticut or put in front of a Judge and no other [criminal authority] shall be called all of my crimal record should be expunged and removed from any record every last one of my crimes I have be[e]n convicted or pleaded to for the rest of my life." Doc. # 1, at 7.

---

[2] The facts described herein are taken from the statement of the case contained in Cruz's complaint. Doc. # 1, at 6.

**II.     Analysis**

Cruz's complaint against Sailius and, likely, Montinez/Melandez, must be dismissed for failure to state a claim, and must be dismissed with respect to all defendants for failure to exhaust administrative remedies.  Cruz's complaint alleges, at most, three types of wrong:  First, he complains of excessive use of force while he was handcuffed and shackled, second, he states that Sailius issued him a false disciplinary report, and third, he states that Sailius, with the warden's permission, had Cruz chronically disciplined.

With respect to his excessive force claim, Cruz appears to include Prior in his description of prison officials who used excessive force by stating that Prior sprayed him with mace.  Cruz fails, however, to allege that Sailius used excessive force or was even present during the incident.  Cruz may or may not allege that a Correctional Officer "Melandez" (or, "Montinez", if this is meant to refer to the third named defendant) was present or involved, stating that "C/O Melandez the dis[ciplinary] investigator and Lieutenant Prior were both invol[ved] in the [excessive] force claim I am fil[]ing[.]  I could not tell you who else was there because I was spr[ayed] with mace by Lt Prior."  The allegation that Melandez/Montinez was involved, coupled with Cruz's assertion that he cannot say who *else* was present during the use of excessive force, may or may not allow a sufficiently plausible inference that Melandez/Montinez was present.  The allegation is unlikely, however, to allow more than speculative inferences that whichever specific correctional officer Cruz is attempting to name may be liable for the complained of use of excessive force.  Because I dismiss Cruz's excessive force claim for failure to exhaust administrative remedies, I need not decide this issue at this time.

Cruz alleges that Sailius issued him a false disciplinary report following the incident.  Although "a prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report", a false accusation may be cognizable as part of a due process

3

violation. *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997). A false disciplinary report "violates due process only where either procedural protections were denied that would have allowed the inmate to expose the falsity of the evidence against him, or where the fabrication of evidence was motivated by a desire to retaliate for the inmate's exercise of his substantive constitutional rights". *Mitchell v. Senkowski*, 158 F. App'x 346, 349 (2d Cir. 2005) (citations omitted). Although Cruz does allege that Sailius retaliated against him for complaining about the use of excessive force, any complaints by Cruz would have occurred after the disciplinary report was issued. Thus, the issuance of the report could not have been motivated by a desire to retaliate. Cruz includes no allegations regarding the disciplinary hearing. He does not even allege that he was found guilty of the charge. Thus, the complaint fails to allege a plausible due process claim relating to the disciplinary proceeding.

The only other claim is a general retaliation claim against Sailius. Cruz alleges that in retaliation for his reporting of the incident, Sailius had him disciplined. To state a retaliation claim, Cruz must show that he engaged in constitutionally protected conduct and that the protected conduct was the substantial or motivating factor for adverse actions taken against him by the defendants. *Bilal v. White*, 494 F. App'x 143, 146 (2d Cir. 2012). Only retaliatory conduct that "would deter a similarly situated individual of ordinary firmness from exercising . . . constitutional rights" constitutes an adverse action for a claim of retaliation. *Gill v. Pidlypchak*, 389 F.3d 379, 381 (2d Cir. 2004) (internal quotation marks omitted) (quoting *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003)). Because retaliation claims are easy to fabricate, the courts consider them with "skepticism and particular care". *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995). In stating no more than that Sailius had him disciplined "because he was retaliating

against [him] for reporting what happen[e]d", Cruz has not plead sufficient non-conclusory facts that he suffered an appropriately defined adverse action as a result of Sailius's actions.

Ultimately, all of Cruz's claims must fail for failure to exhaust administrative remedies. The Prison Litigation Reform Act requires prisoners to exhaust administrative remedies before filing a federal lawsuit relating to prison conditions. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). This exhaustion requirement applies to all claims regarding "prison life, whether they involve general circumstances or particular episodes." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Exhaustion of all available administrative remedies must occur whether or not the administrative procedures provide the relief that the inmate seeks. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). Furthermore, prisoners must comply with all procedural rules regarding the grievance process prior to commencing an action in federal court. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (holding that proper exhaustion "'means using all steps that the agency holds out' . . . (so that the agency addresses the issues on the merits) . . . [and] demands compliance with an agency's deadlines and other critical procedural rules" (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002))). Completion of the exhaustion process after a federal action has been filed does not satisfy the exhaustion requirement. *See Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001). Special circumstances will not relieve an inmate of his or her obligation to adhere to the exhaustion requirement. An inmate's failure to exhaust administrative remedies is only excusable if the remedies are in fact unavailable. *See Ross v. Blake*, ___ U.S. ___, 136 S. Ct. 1850, 1858 (2016).

Failure to exhaust administrative remedies is an affirmative defense. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). A court may, however, dismiss a complaint for failure to state a claim where the allegations on the face of the complaint establish that it is subject to dismissal on the basis of such affirmative defense. *Williams v. Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) ("[A] district court still may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement.").

The administrative remedies for the State of Connecticut Department of Correction are set forth in Administrative Directive 9.6, titled Inmate Administrative Remedies, and may be found at: http://www.ct.gov/doc/LIB/doc/PDF/AD/ad0906.pdf (effective Aug. 15, 2013). The type of remedy available to an inmate depends on the nature of the issue or condition experienced by the inmate or the decision made by correctional personnel. For all matters relating to any aspect of a prisoner's confinement that are subject to the Commissioner's authority and that are not specifically identified in Sections 4(B) through 4(I) of Administrative Directive 9.6, the applicable remedy is the Inmate Grievance Procedure set out in section 6 of Administrative Directive 9.6. *Id.* at 9.6(4)(A). Thus, claims regarding conditions of confinement, including retaliatory conduct, are subject to the Inmate Grievance Procedure. *See id.* at 9.6(4)(B)-(I).

Under Administrative Directive 9.6(6), an inmate must first attempt to resolve the matter informally. He or she may attempt to verbally resolve the issue with an appropriate staff member or supervisor. *Id.* at 9.6(6)(A). If attempts to resolve the matter orally are not effective, the inmate must make a written attempt to resolve the matter using a specific form, and must

send that form to the appropriate staff member. *Id.* If all attempts to resolve the matter informally are unsuccessful, an inmate may file a Level 1 grievance. *Id.* at 9.6(6)(C).

The Level 1 grievance must be filed within thirty calendar days from the date of the occurrence or discovery of the cause of the grievance, and should include a copy of the response to the written request to resolve the matter informally or explain why the response is not attached. *Id.* The Unit Administrator shall respond in writing to the Level 1 grievance within thirty business days of his or her receipt of the grievance. *Id.* at 9.6(6)(I).

The inmate may appeal the disposition of the grievance by the Unit Administrator or the Unit Administrator's failure to dispose of the grievance in a timely manner to Level 2. *Id.* at 9.6(6)(G), 9.6(6)(I). The Level 2 appeal must be filed within five calendar days from the inmate's receipt of the decision on the Level 1 grievance. *Id.* at 9.6(6)(K).

Level 2 appeals of inmates confined in Connecticut correctional facilities are reviewed by the appropriate District Administrator. *Id.* at 9.6(6)(K). The District Administrator should respond to the Level 2 appeal within thirty business days of receipt of the appeal. *Id.*

Level 3 appeals are restricted to challenges to department policy, the integrity of the grievance procedure, or Level 2 appeals to which there has been an untimely response by the District Administrator. *Id.* at 9.6(6)(L). A Level 3 appeal must be filed within five calendar days from the inmate's receipt of the decision on the Level 2 appeal. *Id.* A Level 3 appeal is reviewed by the Commissioner of Correction or his or her designee. *Id.*

Although Cruz's complaint suggests that he reported the excessive force incident, Cruz does not allege that he exhausted his available administrative remedies prior to filing this action. Moreover, the alleged use of excessive force occurred on July 19, 2017, and Cruz filed this complaint on August 17, 2017, less than thirty days later. The alleged retaliation must have

occurred even closer in time to Cruz's filing of this complaint. Accordingly, considering the time limits set forth in Administrative Directive 9.6, I cannot discern how Cruz could have exhausted his administrative remedies with respect to any of his current claims before he filed this action.

**III. Conclusion**

The complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). Cruz may file an amended complaint including a proper prayer for relief, provided that he can demonstrate that, prior to filing this case, he exhausted his administrative remedies on any claims included in the amended complaint. The amended complaint must allege facts supporting cognizable claims for retaliation, denial of due process, or use of excessive force. With regard to the use of excessive force claim, Cruz must allege facts showing that the named defendants were involved in the incident.[3] In addition, Cruz is hereby notified that the court is not legally authorized to grant the relief he requested in his original complaint.

Cruz shall file any amended complaint within **twenty (20) days** from the date of this order utilizing the Prisoner Efiling Program. If no amended complaint is timely filed, the Clerk is directed to enter judgment and close this case.

So ordered.

Dated at Bridgeport, Connecticut, this 21st day of November 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

---

[3] If Cruz intended to sue Melandez, the amended complaint should list Melandez, rather than Montinez, in the caption of the amended complaint.